Van Voorhis, J.
(concurring in result). Negligence and breach of warranty are different causes of action, nor are they mutually exclusive under the facts in this case. Evidence of facts, in addition to those necessary to prove breach of warranty, is required to establish negligence, nor does a cause of action pleaded in negligence arise any the less ex delicto for the reason that the duty to exercise reasonable care springs from the relationship of the parties, which is governed by contract. Section 218 of the General Corporation Law should be construed strictly. It is not drawn so as to preclude a cause of action sounding in negligence. Nevertheless, in my view, the complaint was properly dismissed upon motion by defendant for summary judgment, under the clause in the contract which requires that all claims of defects in the goods (whether arising from breach of warranty or negligence) must be made before the goods are cut. Variations in color and in shades of color which plaintiff claims existed in these linen textiles were not latent defects; they should have been discovered before cutting the material.
The order appealed from should be affirmed upon this ground.
Peck, P. J., Glennon, Dore and Cohn, JJ., concur in decision; Van Voorhis, J., concurs in result in opinion.
Order, so far as appealed from, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion.